## HAZELTINE CORPORATION

v.

## The UNITED STATES.

### No. 623–81C.

United States Claims Court.

March 8, 1983.

Edward A. Onders, Greenlawn, N.Y., for plaintiff.

Elliott I. Pollock, Washington, D.C., for Radiation Systems, Inc.

Harry E. Barlow, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## ORDER QUASHING NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM

COLAIANNI, Judge:

On February 22, 1983, plaintiff notified the defendant of its intention to depose Mr. Junius H. Arnold, Jr., the Vice President of Operations of Radiation Systems, Inc. (RSI) on March 17. Plaintiff attached a subpoena

duces tecum to its deposition notice, requesting that Mr. Arnold bring certain documents with him to the deposition. Copies of the above papers were also sent, on the same day, to Elliott I. Pollock, Esq., counsel to RSI.

On March 3, 1983, RSI filed a motion for protective order under RUSCC 26(c), asking the court to quash plaintiff's notice of deposition and subpoena duces tecum. RSI's motion explains that it was awarded contract DTF A01–81–C–20118 in late 1981, but that the design of the antennas to be delivered under that contract had not been finalized and could not be finalized until an antenna had been constructed and tested. It further explained that no test antenna had as yet been built by RSI.

RSI expects an antenna to be constructed for testing purposes during April of this year. However, the defendant's test program, to determine if the antenna fulfills all of the requirements of the Government, could then run for some four or six months. RSI points out that, on the basis of prior antenna designs, it will undoubtedly be necessary to revise the design of the test antenna to overcome any problems discovered during the testing period. Finally, RSI states:

> [B]y reason of the building, testing and revision procedures which have yet to occur, and by further reason of customary delays which will thereafter be encountered in obtaining final government approval of any RSI antenna to be delivered, no antenna will be delivered to the government until, possibly, the beginning of 1984.

RSI urges that its motion for protective order should be granted because it has not delivered any antennas under its contract with the Government and thus no taking by the Government, as a result of RSI's activities, has occurred. In addition, RSI maintains that the motion is fatally flawed because the notice of deposition was signed by an attorney who is not a member of the bar of this court and thus does not comply with Rule 11 of the RUSCC. Finally, RSI also argues that the protective order should be issued and the deposition notice quashed because the petition nowhere identifies RSI as being a manufacturer of allegedly infringing antennas.

On March 4 plaintiff filed its opposition to RSI's motion for protective order. Plaintiff points out that RSI's argument regarding its failure to have the notice signed by its attorney of record is easily rectified, and proposes, if necessary, to remedy the notice by refiling a properly signed one. In addition, plaintiff argues that the court presently has jurisdiction on the basis of antennas delivered to defendant under a Texas Instrument contract. Thus, plaintiff urges, even if no antennas have been delivered under the RSI contract, that discovery should nonetheless go forward so that the plaintiff will have all of the facts regarding the RSI procurement at its disposal and be prepared to press ahead as soon as delivery occurs.

Because of the fast approaching deposition date of March 17, and in order to enable the parties to adequately present their respective positions, a hearing on RSI's motion was scheduled for March 10. However, because of the absence of counsel for RSI during the entire week of March 7, the parties agreed to a telephonic conference call, which was held on March 4. During the telephonic conference, the parties were represented by counsel of record, and RSI was represented by Elliott I. Pollock, Esq.

Mr. Barlow, speaking for the Government, indicated that the defendant agreed with the position taken by RSI. Specifically, Mr. Barlow stated that the Government had not taken delivery of any antennas under RSI's contract and he was not certain when delivery would take place. Messrs. James J. Maune and Pollock, representing plaintiff and RSI, respectively, pretty much repeated the positions taken in their papers of record.

■ Since a contract which calls for the delivery of articles is subject to change and cancellation, I indicated that an eminent domain taking within the meaning of

§ 1498 could not occur until actual delivery was made. It was pointed out that due to design changes made during the course of a contract, it was not uncommon for the article ultimately delivered to be drastically different from the article originally contemplated. In addition, it was also pointed out that RSI could possibly default on the contract and deliver no antennas. Finally, it is also conceivable that the Government could terminate the contract for its own convenience prior to the delivery of any antennas. For all of these reasons, it is improper to hold that the mere granting of a contract gives rise to a § 1498 action against the Government. Indeed, a similar result was reached by our predecessor court in the case of *Tektronix, Inc. v. United States,* 216 Ct.Cl. 144, 575 F.2d 832 (1978), wherein the court unequivocally stated that infringement occurs only when a device is delivered to the Government and is available for use. The court specifically stated (216 Ct.Cl. at 152–53, 575 F.2d at 837):

> Should the cause of action for patent infringement arise at the time of contract execution, there would be uncertainty about the scope of the interest taken by the Government. *See Irving Air Chute Co.* [*v. United States,* 93 F.Supp. 633, 117 Ct.Cl. 799 (1950)], *supra.* Change orders might either avoid or exacerbate the infringement. Too, there would be a danger in some cases that the Government's infringement would go long undetected and might permit the running of the statute of limitations, since the Government's execution of a contract for infringing items might not attract the attention that delivery to the Government of those items would. * * * Put simply, these considerations compel the conclusion that the key dates here are the delivery dates, not the contract dates. Plaintiff admitted at oral argument that it could find no case holding that interest should accrue from the date of execution of a contract which contemplated the delivery of infringing items.

### CONCLUSION

On the basis of the papers of the various parties, the argument of counsel during the telephonic discussion of March 4, and the defendant's representations that no delivery of antennas has taken place under the RSI contract, it is concluded that a deposition at this time is premature and would serve no useful purpose. Accordingly, RSI's motion for protective order and to quash the notice of deposition and the attached subpoena duces tecum is granted.

IT IS SO ORDERED.